**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Case No.: 1:05-cr-45-001 (WLS) |
| | : | |
| BRENZ WRIGHT, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

Before the Court is Defendant's Motion for Departure Pursuant to Federal Rules of Criminal Procedure 3582(c) and the Fair Sentencing Act of 2010 (Doc. 143). Defendant moves this Court to reduce his sentence pursuant to Amendment 750, effective November 1, 2011 and made retroactive, which lowers the base offense levels for particular crack cocaine offenses in U.S.S.G. § 2D1.1(c). *See* U.S.S.G. App. C, Amend. 750. However, as both the Government and Defense counsel note, Defendant's sentence was based on the career-offender guideline under U.S.S.G. § 4B1.1, not the applicable crack guideline. (Doc. 151 at 1; Doc. 153 at 3.) Amendment 750 did not make any changes to § 4B1.1, the career-offender guideline. *See United States v. Lawson*, 686 F.3d 1317, 1319 (11th Cir. 2012) (rejecting argument that *Freeman v. United States*, 131 S. Ct. 2685 (2011) undermines binding Eleventh Circuit precedent that holds that career offenders are ineligible for reduction under Amendment 750).

The Eleventh Circuit has held that "[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." *United States v. Moore*, 541 F.3d 1323, 1320–21 (11th Cir.

1

2008) (concluding that when a defendant's sentence is based on the guideline ranges applicable to career offenders under § 4B1.1, a defendant's base offense level under § 2D1.1 plays no role in the calculation of these ranges). When given the opportunity to address the interplay between Amendment 750 and sentences calculated under the § 4B1.1 career-offender guideline, subsequent to *Moore*, the Eleventh Circuit concluded that where a sentencing range is based upon § 4B1.1, Amendment 750, which serves to reduce base offense levels in § 2D1.1, but not in § 4B1.1, does not alter the sentencing range upon which the sentence is based, and thus, § 3582(c)(2) does not authorize a reduction in sentence. *Lawson*, 686 F.3d at 1321. Accordingly, Defendant's sentence was not affected by Amendment 750 because he was sentenced as a career offender; thus, the original sentence imposed remains accurate. (Doc. 111.)

The Court sentenced Defendant as a career offender. (Doc. 151 at 1; Doc. 153 at 3.) Accordingly, Defendant's base offense level, under § 4B1.1, for violation of 21 U.S.C. § 846 i/c/w §§ 841(a)(1) and 841(b)(1)(A)(iii), conspiring to possess with the intent to distribute more than fifty grams of cocaine base, yielded a base offense level of 37. The Court then reduced Defendant's offense level by two points for substantial assistance to the Government and one point for a timely notification of his intent to enter a plea of guilty. Under Defendant's career-offender offense level of 34 and a criminal-history category of VI, the guideline imprisonment range was 262 months to 327 months. Defendant received 327 months' imprisonment for his drug conviction. Accordingly, his sentence was within the guideline range at that time. Defendant is not eligible pursuant to the crack amendment for a sentence reduction.

Accordingly, Defendant's Motion for Departure Pursuant to Federal Rules of Criminal Procedure 3582(c) and the Fair Sentencing Act of 2010 (Doc. 143) is **DENIED**.

**SO ORDERED**, this  12th  day of April, 2013

<u>/s/ W. Louis Sands</u>
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**