**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CASE NO.: 1:05-CR-45-001 (WLS) |
| | : | |
| BRENZ WRIGHT, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## ORDER

Presently pending before the Court is Defendant's Motion to Withdraw Guilty Plea (Doc. 160).  For the following reasons, the Court concludes that Defendant may not withdraw his guilty plea and finds it appropriate to warn Defendant of the potential consequences of proceeding under § 2255 before re-characterizing Defendant's instant motion (Doc. 160) as a § 2255 petition.

## BACKGROUND

On November 17, 2005, Defendant and others were indicted on a single count of conspiracy to distribute cocaine and crack cocaine.  (Doc. 1.)  On June 1, 2006, Defendant entered into a plea agreement with the Government whereby Defendant agreed to plead guilty and the Government agreed not to seek sentence enhancement. (Docs. 89-91.)  The Court granted the Government's Motion for Additional Decrease for Acceptance of Responsibility pursuant to U.S.S.G. § 3E1.1(b).  (Docs. 101 & 103.)  On September 15, 2006, Defendant was sentenced to 327 months imprisonment.  (Doc. 107.) Judgment was entered on September 26, 2006, and amended on September 28, 2006. (Docs. 109 & 111.)

On October 31, 2013, Defendant filed the instant Motion to Withdraw Guilty Plea.  (Doc. 160.)  Therein, he argues that the Government falsely led him to believe "that if he provided information leading to the conviction of a drug purveyor he would be entitled to a sentence reduction."  (*Id.* at 1.)  Defendant states that he helped

1

authorities arrest and convict an individual but the Government nonetheless found that such did not constitute substantial assistance. (*Id.* at 2.)  Defendant asserts that such position by the Government was improper because the plea agreement did not define "plea agreement," the Government "fraudulently entered into a contractual agreement which it had no intention of keeping," the Government took advantage of Defendant's limited knowledge of the law, and defense counsel was ineffective. (*Id.* at 2-3.)  On January 17, 2014, the Government filed a Response. (Doc. 162.)  Therein, the Government asserts that Defendant cannot withdraw his guilty plea because the Court has already imposed sentence. (Doc. 162 at 1.)

## DISCUSSION

Federal Rule of Criminal Procedure 11(e) provides, "After the court imposes sentence, the defendant may not withdraw a plea of guilty or nolo contendere, and the plea may be set aside only on direct appeal or collateral attack."  Because Defendant has been sentenced, he may only attack his plea on direct appeal or collateral attack. *See United States v. Dunbar*, 718 F.3d 1268, 1279 (10th Cir. 2013).  Direct appeal is not available to Defendant because he did not file a notice of appeal. *See* Fed. R. App. P. 4(b).  Thus, Defendant's only avenue to attack his plea is collateral attack under 28 U.S.C. § 2255. *Price v. United States*, No. 13-10272, 2014 WL 30426, *1 (11th Cir. Jan. 6, 2014) (citations omitted) (noting that § 2255 is generally the exclusive remedy for a federal prisoner to attack conviction and sentence).

The Court construes *pro se* pleadings liberally, *see Smith v. United States*, 420 F. App'x 944, 945–46 (11th Cir. 2011), and therefore construes Defendant's pleadings as an attempt to seek a remedy traditionally afforded by § 2255.  However, the procedural dictates of § 2255 may bar a habeas petition at this time. *See* 28 U.S.C. § 2255(f) ("A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from . . . the date on which the judgment of conviction becomes final [or] the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.").  Nonetheless, to the extent that

Defendant desires to pursue a remedy under § 2255, the Court finds it necessary to warn Defendant of the consequences of treating his instant motion as a § 2255 petition.

The United States Supreme Court has held that a district court must notice a prisoner before re-characterizing a motion under 28 U.S.C. § 2255. *Castro v. United States*, 540 U.S. 375, 383 (2003). Since the instant motion appears to be Defendant's first motion under that section, the Court is required to notice Defendant of the possible consequences of such a motion.

Accordingly, the Court **NOTICES** Defendant as to the following:

- The Court intends to re-characterize Defendant's motion as a collateral attack of his sentence under 28 U.S.C. § 2255.
- After the re-characterization, any subsequent 28 U.S.C. § 2255 motion will be subject to the restrictions on "second or successive" motions.
- Defendant may withdraw his motion or amend it to contain all the § 2255 claims he believes he has.

Defendant must withdraw his motion or object to the re-characterization within **fourteen (14) days** from the entry of this Order. If Defendant chooses not to object or withdraw his motion, he may supplement it within **twenty-one (21) days** of the entry of this Order to amend or add any available claim. To the extent that the Government finds that its Response (Doc. 162) does not adequately address any issues raised by Defendant's subsequent filing(s) in this matter, the Government may respond to any supplement or objection within **twenty-one (21) days** of the filing of the supplement or objection. Defendant may file a reply brief within **fourteen (14) days** of any timely response filed by the Government. After the passage of **fifty-six (56) days** from the entry of this Order, the Court will issue its ruling.

**SO ORDERED**, this  21st  day of April 2014.


/s/ W. Louis Sands
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**