IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : |
| | : CASE NO.: 1:05-CR-45-001 (WLS) |
| BRENZ WRIGHT, | : |
| | : |
| Defendant. | : |
| | : |

**ORDER**

On October 31, 2013, Defendant filed the instant Motion to Withdraw Guilty Plea. (Doc. 160.) Therein, he argues that the Government falsely led him to believe "that if he provided information leading to the conviction of a drug purveyor he would be entitled to a sentence reduction." (*Id.* at 1.) Defendant states that he helped authorities arrest and convict an individual but the Government nonetheless found that such did not constitute substantial assistance. (*Id.* at 2.) Defendant asserts that such position by the Government was improper because the plea agreement did not define "plea agreement," the Government "fraudulently entered into a contractual agreement which it had no intention of keeping," the Government took advantage of Defendant's limited knowledge of the law, and defense counsel was ineffective. (*Id.* at 2-3.) In its Response, the Government asserts that the proper avenue for relief is 28 U.S.C. § 2255 but such relief is time-barred. (See Doc. 162.) In his Reply, Defendant states that "August 13, 2013, is the triggering date for § 2255(f)(4) purposes as that [is the] date the Court denied defendant's motion seeking intervention by the Court in enforcing the contract." (Doc. 163 at 3.)

On April 21, 2014, the Court notified Defendant of its intention to re-characterize his Motion (Doc. 160) as a habeas Petition. (Doc. 164.) Defendant asserted that he was aware of the potential consequences of re-characterizing his motion as a § 2255 petition

and agrees to the re-characterization. (Doc. 165.) Thus, the Court will analyze the referenced Motion as a Petition for Habeas Corpus relief under 28 U.S.C. § 2255.

Defendant's judgment of conviction became final on September 26, 2006. (Doc. 109.) Because more than one year has elapsed since that time, and Defendant has not identified any impediment to filing a § 2255 petition or any right newly recognized by the United States Supreme Court, Defendant's § 2255 Petition is timely only if his Petition was filed within one year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." *See* 28 U.S.C. § 2255(f).

On June 18, 2012, Defendant asserted the same factual basis for relief—albeit under a different theory—as he now asserts in his instant Motion. (*See* Doc. 154.) Thus, at the latest, Defendant had one year from June 18, 2012 to file a § 2255 Petition. Because the current matter under review was not filed until October 31, 2013, the § 2255 Petition is untimely. Defendant's assertion that the triggering date should be August 13, 2013 is without merit. On that date, the Court ruled on Defendant's June 18, 2012 motion. The relevance of June 18, 2012 is that Defendant had knowledge that the Government was not going to make a motion based on substantial assistance at that time. Because that knowledge underlies his claim that he is entitled to habeas relief, the date he gained that knowledge serves as the triggering date for purposes of § 2255(f)(4). The date the Court took any particular action is irrelevant.

Even if the Court were to consider the merits of Defendant's Petition, he would not be entitled to relief. Defendant argues that he is entitled to relief because (1) the Government's refusal to file a motion for sentence reduction for substantial assistance violated the terms of his plea agreement and various constitutional rights, and (2) he was provided ineffective assistance of counsel. Defendant's assertion that the Government perpetrated a fraud against him by leading him to believe that his assistance would necessarily constitute substantial assistance and therefore entitled him to a Rule 35 motion is directly refuted by the plea agreement signed by Defendant and filed on the docket. In his plea agreement, Defendant acknowledged that "the

2

determination as to whether defendant has provided 'substantial assistance' rests solely with the Government." (Doc. 89 at 9.) Defendant's bare assertion to the contrary is not sufficient for the Court to overlook the plea agreement and accept Defendant's contention that the Government intentionally and fraudulently led him to believe that he would obtain the benefit of a Rule 35 motion.

" '[T]he courts are precluded from intruding into prosecutorial discretion' except where there is 'an allegation *and* a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation, such as race or religion.' " *United States v. Massey*, 154 F. App'x 769, 771 (11th Cir. 2005) (citing *United States v. Forney*, 9 F.3d 1492, 1501-02 (11th Cir. 1993)) (emphasis in original). The Court cannot force the Government to file a Rule 35 motion because, among other reasons, Defendant made no such allegation.

Finally, Defendant has not sufficiently alleged ineffective assistance of counsel. To make out a claim of ineffective assistance of counsel, Defendant must show (1) that his counsel's representation was deficient, and (2) that he was prejudiced by his counsel's alleged deficient performance. *Strickland v. Washington*, 466 U.S. 668 (1984); *Smith v. Wainwright*, 777 F.2d 609, 615 (11th Cir. 1985). Defendant has not made a sufficient showing to satisfy either prong. Defendant has made no allegation that his counsel had any knowledge that the Government would ultimately decide that Defendant did not provide substantial assistance. Also, Defendant has not alleged that his counsel could have taken any further action that would have resulted in a more favorable outcome. Accordingly, Defendant has not sufficiently alleged ineffective assistance of counsel.

A district court may issue a Certificate of Appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To merit a COA, the petitioner must show that reasonable jurists would find it debatable (1) whether the petition states a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court has reviewed the

Petitioner's claims and finds that Petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).  This is evidenced by the discussion above.  Therefore, a Motion for a Certificate of Appealability is **DENIED**.

For the foregoing reasons, Defendant's Motion to Withdraw Guilty Plea, re-characterized as a Petition for Habeas Corpus (Doc. 160), is **DENIED.**

**SO ORDERED**, this  5th  day of June 2014.

/s/ W. Louis Sands
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**

4